IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-00221-WDM-MEH

MOUNTAIN STATES MUTUAL CASUALTY COMPANY,

    Plaintiff,

v.

TIM KIRKPATRICK, individually and d/b/a HOG'S BREATH SALOON & RESTAURANT,

    Defendant.

---

## ORDER ON MOTION TO SET ASIDE ENTRY OF DEFAULT

Miller, J.

This matter is before me on the motion to set aside entry of default filed by defendant Tim Kirkpatrick (Kirkpatrick). I have considered the parties' written arguments and conclude that oral argument is not required. For the reasons that follow, I will grant the motion and set aside the entry of default.

### Standards of Review

Fed. R. Civ. P. 55(c) permits me to set aside an entry of default "[f]or good cause shown." The good cause required for setting aside an entry of default "poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997).

As applied by the Tenth Circuit in an unpublished case, the "principal factors in determining whether a defendant has met the good cause standard are (1) whether the

default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *Hunt v. Fort Motor Co.*, No. 94-3054 (10th Cir. August 29, 1995) (1995 WL 523646) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)). This list is neither exclusive nor conclusive, and the decision to set aside the entry of default is one within my discretion. *Id.*; *United States v. Timbers Preserve, Routt County, Colorado*, 999 F.2d 452, 454 (10th Cir. 1993). In addressing these factors, I should remember that default judgments are not favored by courts. *Katzson Bros., Inc. v. United States Environ. Protection Agency*, 839 F.2d 1396, 1399 (10th Cir. 1988).

## Discussion

According to the executed summons filed May 9, 2006, Kirkpatrick was served with the summons and complaint on March 23, 2006;[1] his answer was due April 17, 2006. When Kirkpatrick failed to answer or otherwise respond, plaintiff Mountain States Mutual Casualty Company (Mountain States) sought an entry of default pursuant to Rule 55(a), and the Clerk of the Court entered default against Kirkpatrick, both individually and doing business as the Hog's Breath Saloon & Restaurant, on May 9. Ten days later, Mountain States filed a motion for entry of default judgment.

On May 23, 2006, Kirkpatrick appeared and filed his motion to set aside the entries of default. His motion focuses on the various distinctions between entry of

---

[1] This date may be March 27, 2006. The record on the exact date of service is unclear, but there is no dispute that Kirkpatrick was in default on May 9, 2006.

default judgment by the Clerk of the Court (where the sum is certain) and entry of default judgment by the Court, suggesting that he did not understand that no default judgment has yet entered in this case. Although he refers to Rule 55(c) and its good cause standard, he did not explain why good cause exists in this case to set aside the entry of default. In his affidavit attached as Exhibit A to the motion to set aside, however, Kirkpatrick explains that when he was served with the summons and complaint in this case, he assumed they concerned another lawsuit in which he is involved and in which he was represented by counsel. Only when he received the default documents did he contact his attorney to inquire about the documents; he then learned that the summons and complaint related to a new case and not the ongoing litigation.

In its response, Mountain States asserts that Kirkpatrick has failed to show good cause to set aside the entries of default. Taking its lead from the body of Kirkpatrick's motion, it focuses on the procedural standards for default and default judgment under Rule 55. Only in reply does Kirkpatrick address the factors of culpability, prejudice, and meritorious defense.

Although it would have been preferable for Kirkpatrick to address the correct standards in his motion rather than in his reply, I have considered his arguments on their merits and concur that he has shown good cause for setting aside the entries of default. The confusion of the documents from this case with those from the ongoing litigation is understandable. I find no prejudice to Mountain States from setting aside the defaults other than its not being able to proceed directly to default judgment; this

3

slight prejudice is far outweighed by the court's preference for resolving the dispute on the merits. In his reply, Kirkpatrick sets forth a meritorious defense to the claims asserted against him.

In his motion to set aside, Kirkpatrick requests an extension of time to file an answer. In addition, he has now filed a separate motion for leave to file an answer. Mountain States opposes both motions, arguing Kirkpatrick has not established excusable neglect under Rule 6(b).[2]

Rule 6(b), as interpreted by the Supreme Court, permits courts "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 388 (1993). The Court directs that my determination be an equitable one, taking into account all relevant circumstances surrounding Kirkpatrick's omission, including the danger of prejudice to Mountain States, the length of delay, the potential impact of the delay on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of Kirkpatrick, and whether Kirkpatrick acted in good faith. *Id.* at 395.

As discussed above, I find no significant prejudice to Mountain States. The delay has been short, with little impact on judicial proceedings. The reason for the

---

[2]   Rule 6(b) provides, in relevant part:

When by these rules or by a notice given thereunder or by order of court an act is required to allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect[.]

4

delay, although within Kirkpatrick's control, is understandable and does not reflect any bad faith on his part.

Accordingly, it is ordered:

1. The motion to set aside clerk's default, filed May 23, 2006 (Docket No. 31), is granted.

2. The Clerk of the Court shall set aside the defaults entered May 9, 2006, against defendant Tim Kirkpatrick, individually and d/b/a Hog's Breath Saloon & Restaurant (Docket Nos. 15 and 16).

3. The motion for extension of time to answer, filed May 23, 2006 (Docket No. 31), and the motion for leave to file answer, filed June 15, 2006 (Docket No. 35), are granted, and Kirkpatrick's Answer and Jury Demand (Exhibit B to Docket No. 35) is accepted as filed.

4. The motion for leave to file a surreply, filed July 5, 2006 (Docket No. 39), is granted.

5. The references of the motion to set aside, the motions for extension of time to answer, and the motion for leave to file a surreply to Magistrate Judge Michael E. Hegarty are withdrawn.

6. The motion for entry of default judgment, filed May 19, 2006 (Docket No. 18), is denied.

7. The hearing on the motion for default judgment, set July 21, 2006, is vacated.

8. The motion for clarification regarding the July 27, 2006 hearing, filed July 21, 2006 (Docket No. 43), is denied as moot.

DATED at Denver, Colorado, on July 25, 2006.

                                      BY THE COURT:

                                      s/ Walker D. Miller  
                                      United States District Judge