IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00221-WDM-MEH

MOUNTAIN STATES MUTUAL CASUALTY COMPANY,

    Plaintiff,

v.

TIM KIRKPATRICK, d/b/a Hogs Breath Saloon & Restaurant,

    Defendant.

_____

**ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**
_____

Plaintiff has filed a Motion for Protective Order [Docket #83] to preclude the disclosure of its claim file in this anticipatory declaratory action that was created in an underlying lawsuit. The matter is briefed and has been referred to this Court [Docket #84]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** the Motion for Protective Order.

**I.    Facts**

Defendant purchased an insurance policy from Plaintiff and has now been sued in state court. Although Plaintiff is currently defending Defendant under a reservation of rights, Plaintiff instituted this anticipatory declaratory action arguing that the pending lawsuit in state court falls outside Plaintiff's duty to defend. Defendant argues that not only does the underlying lawsuit fall within the ambit of Plaintiff's duty to defend but also asserts that Plaintiff may have a duty to indemnify in the underlying lawsuit.

The instant motion was brought by Plaintiff in response to Defendant's attempt to obtain the claims file from Plaintiff regarding the underlying lawsuit. Plaintiff argues that this information is

irrelevant and may prejudice both parties in this case, while Defendant contends that the information is relevant to whether Plaintiff has a duty to defend and potentially indemnify Defendant in the underlying lawsuit.

## II. Discussion

### A. Relevancy under the Federal Rules

The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For food cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need no be admissible at the trial of the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P 26(b)(1). The party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Fed. R. Civ. P 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo 2004).

### B. Duty to defend under Colorado law

This lawsuit centers solely on Plaintiff's duty to defend. Under Colorado law, the duty to defend is broader than a duty to indemnify. *Hecla Mining Co. v. N.H. Ins. Co.*, 811 P.2d 1083, 1089 (Colo. 1991). The Colorado Supreme Court has "consistently held that an insurer's duty to defend arises solely from the complaint in the underlying action." *Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.*, 90 P.3d 814, 827 (Colo. 2004). "[A] duty to defend exists when a complaint includes any allegations that, 'if sustained, would impose a liability covered by the policy.'" *Id.* (quoting *Hecla*, 811 P.2d at 1089). "When resolving an insurer's obligations in an anticipatory declaratory action

2

brought before the conclusion of the underlying dispute, an insurer's duty to defend is determined from the face of the complaint." *Id.* (citing *Constitution Assocs. v. N.H. Ins. Co.*, 930 P.2d 556, 563 (Colo. 1997). Basing the determination solely on the complaint supports the insured's legitimate expectation of defense in situations in which the underlying complaint falls within the scope of the insurance policy, regardless of whether coverage will ultimately exist. *Hartford Ins. Group v. District Court for the Fourth Judicial Dist.*, 625 P.2d 1013, 1017 (Colo. 1981). Any other focus would "defeat[] the very purpose for which insurance is purchased in the first place." *Id.* at 1018.

In this case, Plaintiff argues that the facts alleged in the underlying complaint fall within the pollution exclusion of the insurance policy purchased by Defendant. Defendant argues that he cannot determine whether the underlying lawsuit should, in fact, fall within this exclusion without having access to Defendant's claim file regarding the underlying lawsuit.

At the outset, the Court notes that both parties address the appropriateness of seeking a determination of the duty to defend prior to the conclusion of the underlying lawsuit. In particular, Defendant asserts that his lawsuit, in its entirety, is prejudicial to Defendant. This argument is before District Judge Miller in conjunction with Plaintiff's Motion for Summary Judgment and need not be addressed by this Court. This Court will consider only whether the information sought is relevant to this suit.

Based on Colorado law, the Court concludes that the claims file is not relevant to this lawsuit. Providing such information would, in effect, undermine Defendant's right to defense by allowing both parties to look beyond the face of the complaint to determine whether the duty to defend exists. As stated by the Colorado Supreme Court, Defendant's legitimate expectation of defense is based on the factual allegations of the underlying complaint. This Court, therefore, cannot conclude that the

information sought by Defendant is reasonably calculated to lead to the discovery of admissible evidence relating to Plaintiff's duty to defend.

**III.    Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion for Protective Order [Filed January 25, 2007; Docket #83] is **granted**.  Plaintiff has established that the information sought falls outside the scope of permissible discovery under Rule 26(b)(1).

Dated at Denver, Colorado, this 6th day of March, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge